MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
PERFECTO LAZARO, *individually and on behalf of others similarly situated,*

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
| BRUCKNER BAR & GRILL LLC (D/B/A MOTT HAVEN BAR & GRILL), THE BRONX BAR & GRILL LLC (D/B/A MOTT HAVEN BAR & GRILL), BRUCKNER RESTAURANT LLC (D/B/A MOTT HAVEN BAR & GRILL), BRUCKNER RAIL LLC (D/B/A MOTT HAVEN BAR & GRILL), and ROSA GARCIA (A.K.A. ROSAURA), | **ECF Case** |
| Defendants. | |

-------------------------------------------------------X

Plaintiff Perfecto Lazaro ("Plaintiff Lazaro" or "Mr. Lazaro"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Bruckner Bar & Grill LLC (d/b/a Mott Haven Bar & Grill), The Bronx Bar & Grill LLC (d/b/a Mott Haven Bar & Grill), Bruckner Restaurant LLC (d/b/a Mott Haven Bar & Grill), Bruckner Rail LLC (d/b/a Mott Haven Bar & Grill), ("Defendant Corporations") and Rosa Garcia (a.k.a. Rosaura), ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Lazaro is a former employee of Defendants Bruckner Bar & Grill LLC (d/b/a Mott Haven Bar & Grill), The Bronx Bar & Grill LLC (d/b/a Mott Haven Bar & Grill), Bruckner Restaurant LLC (d/b/a Mott Haven Bar & Grill), Bruckner Rail LLC (d/b/a Mott Haven Bar & Grill), and Rosa Garcia (a.k.a. Rosaura).

2.       Defendants own, operate, or control an American restaurant, located at 1 Bruckner Blvd., Bronx, NY 10454 under the name "Mott Haven Bar & Grill."

3.      Upon information and belief, individual Defendant Rosa Garcia (a.k.a. Rosaura), serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Lazaro was employed as a salad preparer at the restaurant located at 1 Bruckner Blvd., Bronx, NY 10454.

5.      At all times relevant to this Complaint, Plaintiff Lazaro worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Lazaro appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Lazaro wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiff Lazaro to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lazaro and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Lazaro now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Lazaro seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Lazaro's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American restaurant located in this district. Further, Plaintiff Lazaro was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Perfecto Lazaro ("Plaintiff Lazaro" or "Mr. Lazaro") is an adult individual residing in Bronx County, New York.

15.    Plaintiff Lazaro was employed by Defendants at Mott Haven Bar & Grill from approximately October 2013 until on or about December 17, 2018.

16.    Plaintiff Lazaro consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all relevant times, Defendants owned, operated, or controlled an American restaurant, located at 1 Bruckner Blvd., Bronx, NY 10454 under the name "Mott Haven Bar & Grill."

18.    Upon information and belief, Bruckner Bar & Grill LLC (d/b/a Mott Haven Bar & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1 Bruckner Blvd., Bronx, NY 10454.

19.    Upon information and belief, The Bronx Bar & Grill LLC (d/b/a Mott Haven Bar & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1 Bruckner Blvd., Bronx, NY 10454.

20.    Upon information and belief, Bruckner Restaurant LLC (d/b/a Mott Haven Bar & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1 Bruckner Blvd., Bronx, NY 10454.

21.    Upon information and belief, Bruckner Rail LLC (d/b/a Mott Haven Bar & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1 Bruckner Blvd., Bronx, NY 10454.

22.    Defendant Rosa Garcia (a.k.a. Rosaura) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rosa Garcia (a.k.a. Rosaura) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Rosa Garcia (a.k.a. Rosaura) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Lazaro, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

23.    Defendants operate an American restaurant located in the Mott Haven neighborhood of the Bronx in New York City.

24.    Individual Defendant, Rosa Garcia (a.k.a. Rosaura), possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiff Lazaro's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Lazaro, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Lazaro (and all similarly situated employees) and are Plaintiff Lazaro's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Lazaro and/or similarly situated individuals.

29. Upon information and belief, Individual Defendant Rosa Garcia (a.k.a. Rosaura) operates Defendant Corporations as either alter egos of herself and/or fails to operate Defendant Corporations as entities legally separate and apart from herself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for her own benefit as the sole or majority shareholder,

    e) operating Defendant Corporations for her own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of her own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect her own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.   At all relevant times, Defendants were Plaintiff Lazaro's employers within the meaning of the FLSA and New York Labor Law.

31.   Defendants had the power to hire and fire Plaintiff Lazaro, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lazaro's services.

32.   In each year from 2013 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34.   Plaintiff Lazaro is a former employee of Defendants who was employed as a salad preparer.

35.   Plaintiff Lazaro seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Perfecto Lazaro*

36.   Plaintiff Lazaro was employed by Defendants from approximately October 2013 until on or about December 17, 2018.

37.   Defendants employed Plaintiff Lazaro as a salad preparer.

38.   Plaintiff Lazaro regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Lazaro's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Lazaro regularly worked in excess of 40 hours per week.

41.     From approximately October 2013 until on or about October 2016, Plaintiff Lazaro worked from approximately 8:00 a.m. until on or about 4:00 p.m., 7 days a week, two weeks per month, and from approximately 8:00 a.m. until on or about 4:00 p.m., 6 days a week, two weeks per month (typically 48 to 56 hours per week).

42.     From approximately November 2016 until on or about December 17, 2018, Plaintiff Lazaro worked from approximately 8:00 a.m. until on or about 4:00 p.m., 6 days a week (typically 48 hours per week).

43.     Throughout his employment, Defendants paid Plaintiff Lazaro his wages in a combination of check and cash.

44.     From approximately October 2013 until on or about December 2015, Defendants paid Plaintiff Lazaro $10.50 per hour.

45.     From approximately January 2016 until on or about February 2018, Defendants paid Plaintiff Lazaro $12.50 per hour.

46.     From approximately March 2018 until on or about December 17, 2018, Defendants paid Plaintiff Lazaro $13.50 per hour.

47.     Plaintiff Lazaro's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, Defendants required Plaintiff Lazaro to work an additional 2 to 3 hours past his scheduled departure time one or two times per month, and did not pay him for the additional time he worked.

49.     Defendants never granted Plaintiff Lazaro any breaks or meal periods of any kind.

50.     Nevertheless, Defendants deducted $12 to $13 per week from Plaintiff Lazaro's weekly paycheck for meals he never ate.

51.     Although Plaintiff Lazaro was required to keep track of his time, Defendants' time tracking device did not accurately reflect his actual hours worked. In fact, the punching machine did not properly register his hours worked.

52.     Defendants took improper and illegal deductions from Plaintiff Lazaro's wages; specifically, Defendants deducted $12 to $13 every week from Plaintiff Lazaro's weekly wages for meals they never allowed him to take.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lazaro regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Lazaro an accurate statement of wages, as required by NYLL 195(3).

55.     In fact, Defendants adjusted Plaintiff Lazaro's paystubs so that they reflected inaccurate wages and hours worked.

56.     Defendants did not give any notice to Plaintiff Lazaro, in English and in Spanish (Plaintiff Lazaro's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lazaro (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

58.     Plaintiff Lazaro was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59.     Defendants' pay practices resulted in Plaintiff Lazaro not receiving payment for all his hours worked, and resulted in Plaintiff Lazaro's effective rate of pay falling below the required minimum wage rate.

60.     Defendants habitually required Plaintiff Lazaro to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

61.      Defendants' time keeping system did not reflect the actual hours that Plaintiff Lazaro worked.

62.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

63.     Defendants paid Plaintiff Lazaro his wages in a combination of checks and cash.

64.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lazaro (and similarly situated individuals) worked, and to avoid paying Plaintiff Lazaro properly for his full hours worked.

66.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lazaro and other similarly situated former workers.

68.     Defendants failed to provide Plaintiff  Lazaro and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69.     Defendants failed to provide Plaintiff Lazaro and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

70.     Plaintiff Lazaro brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who

are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71.     At all relevant times, Plaintiff Lazaro and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

72.     The claims of Plaintiff Lazaro stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

73.     Plaintiff Lazaro repeats and realleges all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiff Lazaro's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

75.     Defendants had the power to hire and fire Plaintiff Lazaro (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

76.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.    Defendants failed to pay Plaintiff Lazaro (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.    Defendants' failure to pay Plaintiff Lazaro (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.    Plaintiff Lazaro (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81.    Plaintiff Lazaro repeats and realleges all paragraphs above as though fully set forth herein.

82.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Lazaro (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.    Defendants' failure to pay Plaintiff Lazaro (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

84.    Plaintiff Lazaro (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

85.    Plaintiff Lazaro repeats and realleges all paragraphs above as though fully set forth herein.

86.    At all times relevant to this action, Defendants were Plaintiff Lazaro's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiff Lazaro, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lazaro less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Lazaro the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Lazaro was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

90.      Plaintiff Lazaro repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lazaro overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Lazaro overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Lazaro was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

94.    Plaintiff Lazaro repeats and realleges all paragraphs above as though fully set forth herein.

95.    Defendants failed to provide Plaintiff Lazaro with a written notice, in English and in Spanish (Plaintiff Lazaro's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96.    Defendants are liable to Plaintiff Lazaro in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

97.    Plaintiff Lazaro repeats and realleges all paragraphs above as though fully set forth herein.

98.    With each payment of wages, Defendants failed to provide Plaintiff Lazaro with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

99.    Defendants are liable to Plaintiff Lazaro in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
### OF THE NEW YORK LABOR LAW

100.    Plaintiff Lazaro repeats and realleges all paragraphs above as though fully set forth herein.

101.    At all relevant times, Defendants were Plaintiff Lazaro's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

102.    Defendants made unlawful deductions from Plaintiff Lazaro's wages including, but not limited to, deductions for meals he never ate.

103.    The deductions made from Plaintiff Lazaro's wages was not authorized or required by law.

104.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Lazaro's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

105.    Plaintiff Lazaro was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
### OF THE NEW YORK LABOR LAW

106.    Plaintiff Lazaro repeats and realleges all paragraphs above as though set forth fully

herein.

107. At all relevant times, Defendants were Plaintiff Lazaro's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

108. Defendants made unlawful deductions from Plaintiff Lazaro's wages; specifically, Defendants deducted $12 to $13 every week from Plaintiff Lazaro's weekly wages for meals they never allowed him to take.

109. The deductions made from Plaintiff Lazaro's wages were not authorized or required by law.

110. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Lazaro's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

111. Plaintiff Lazaro was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

112. Plaintiff Lazaro repeats and realleges all paragraphs above as though set forth fully herein.

113. Defendants did not pay Plaintiff Lazaro on a regular weekly basis, in violation of NYLL §191.

114. Defendants are liable to Plaintiff Lazaro in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lazaro respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lazaro and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lazaro and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lazaro's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lazaro and the FLSA Class members;

(f)     Awarding Plaintiff Lazaro and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Lazaro and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lazaro;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lazaro;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Lazaro;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Lazaro's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Lazaro;

(m)     Awarding Plaintiff Lazaro damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Lazaro damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Lazaro liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Lazaro and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Lazaro and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff Lazaro demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
            December 28, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
            Michael Faillace [MF-8436]
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            Telephone: (212) 317-1200
            Facsimile: (212) 317-1620
            *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 26, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Perfecto Lazaro

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    26 de Diciembre del 2018

_Certified as a minority-owned business in the State of New York_