# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                     Telephone: (212) 317-1200
New York, New York 10165                                            Facsimile: (212) 317-1620

michael@faillacelaw.com

July 14, 2020

**BY ECF**
Honorable Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: **Lazaro et al v. Bruckner Bar & Grill LLC et al; 18-cv-12323-MKV-SDA**

Your Honor:

  This office represents plaintiffs Jose Huerta Anguiano and Perfecto Lazaro ("Plaintiffs") in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions and a mediation. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

  Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

  Specifically, Plaintiff Anguiano alleges he was employed by Defendants during the period from approximately October 2008 until on or about December 16, 2018, that he regularly worked over 40 hours a week, and that he was paid an hourly rate that failed to appropriately compensate him.

  Similarly, Plaintiff Lazaro alleges he was employed by Defendants during the period from approximately October 2013 until on or about December 17, 2018, that he regularly worked over 40 hours a week, and that he was paid an hourly rate that failed to appropriately compensate him.

  Defendants categorically deny the allegations in the Complaint.

2. **Settlement Terms**

Plaintiffs allege they were entitled to back wages of approximately $43,006.00. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $108,537, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $22,500.00. The settlement will be paid in six (6) equal installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants have produced payroll and time records calling Plaintiffs' claims into question, and have also indicated they would provide witnesses rebutting Plaintiffs. While Plaintiffs deny the accuracy of the records, they recognize the records provide Defendants with a colorable argument.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

Finally, the Agreement includes a very limited confidentiality provision, inserted at Defendants' request. The provision contains a minor limitation preventing Plaintiffs from disclosing the Settlement Amount. The parties believe that this minor restriction does not run afoul of *Cheeks* as the Settlement Agreement has been electronically filed on PACER, and the restriction is limited to discussion of the Settlement Amount. *See Pucciarelli v Lakeview Cars, Inc.*, 2017 US Dist LEXIS 98641 [EDNY June 23, 2017, No. 16-CV-4751 (RRM) (RER)]) (approving a far more restrictive confidentiality provision in an FLSA settlement because "it pertains only to the Agreement, and the parties may disclose the existence and terms of the Agreement to their spouses, legal or financial advisers, and "via public filing on the Court's ECF system.")

3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $7,500.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Page 3

Plaintiffs' counsel's lodestar in this case is $6,797.50. A copy of Plaintiffs' billing record is attached as "Exhibit C." While Plaintiffs' counsel is asking for 1.1 times their lodestar, the amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows[1]:

    i.    My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii. Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and has been recognized as a "Rising Star" by the Super Lawyers organization for 2016-2020. His regular billing rate is $375 an hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                          Respectfully submitted,

                          /s/Michael Faillace
                          Michael Faillace
                          MICHAEL FAILLACE & ASSOCIATES, P.C.

Enclosures

---

[1] The paralegals who performed work in this matter are represented in the bill by the initials "PL" and are billed at the rate of $100 per hour.